IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Cunningham,<br>    Petitioner,<br><br>v.<br><br>Anthony Padula,<br>    Respondent.<br>_____ | Case No. 8:10-cv-1027-MJP-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 21.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

On September 8, 2010, Respondent moved for summary judgment. [Doc. 21.] On November 22, 2010, Petitioner filed a response in opposition to Respondent's motion for summary judgment. [Doc 27.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment [Doc. 21] be granted and the Petition be denied.

## BACKGROUND

Petitioner was indicted on April 15, 2004 on one count of first degree burglary. [App. 225–26.] After a two-day trial, where he was represented by Ross M. Burton, Petitioner was found guilty. [App. 1–173.] Petitioner received a life sentence. [App. 177.]

**Underlying Facts**

At approximately 11:15 p.m. on March 25, 2004, an uninvited intruder broke into the home of Kathy Moseley ("Moseley") and David Williams. [App. 29.] Moseley heard a noise and looked down the hall and saw the intruder. [App. 33–34.] Moseley screamed, and the intruder fled. [App. 36–37.] Moseley contacted the police. [App. 41.] About an hour and a half after the intruder fled from her home [App. 56], Moseley was taken by police officers to the side of the road near the woods approximately a mile from her home [App. 42]. The authorities presented Petitioner to Moseley while Petitioner was in the custody of law enforcement officers. [App. 43.] Moseley identified Petitioner as being the man she saw inside her home. [*Id.*]

**Direct Appeal**

Petitioner filed a timely notice of appeal, and a brief was submitted by Joseph L. Savitz, III, Esquire. [Doc. 20-1.] The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence on December 15, 2005. [Doc. 20-3.] On January 19, 2006, the Court of Appeals denied a petition for rehearing. [Doc. 20-4.] The South Carolina Supreme Court denied Petitioner's petition for writ of certiorari on March 22, 2007 [Doc. 20-7] and issued remittitur on March 27, 2007 [Doc. 20-8].

**PCR Proceedings**

Petitioner filed a pro se application for post-conviction relief ("PCR") on May 21, 2007. [App. 182–87.] As his ground for relief, Petitioner asserted ineffective assistance of counsel based on the following arguments:

> (a) "Counsel failed to make an objection to a suggestive photo show-up at trial on [Petitioner's] behalf"; and
>
> (b) "Counsel failed to inform the Court that after a warrant has been issued, Section 22-5-320 requires that a preliminary hearing be granted and held upon a demand in writing of the defendant made at least ten days before convening of the next Court of General Sessions."

[App. 183–84.] The State made a return to Petitioner's PCR application on July 13, 2007 [App. 188–91], and an evidentiary hearing was held on August 27, 2007 [App. 193–217]. At the evidentiary hearing, Petitioner was represented by David Cook, and the PCR court heard testimony from Petitioner and trial counsel, Burton. [*Id.*] In addition to the two grounds listed in his PCR application, Petitioner testified that trial counsel was ineffective for failing to adequately prepare for trial. [App. 196, 199–200; *see also* App. 218–24.] On November 27, 2007, the PCR court dismissed Petitioner's PCR application. [App. 218–24.]

Petitioner noticed his appeal, and a petition for writ of certiorari was filed on Petitioner's behalf by M. Celia Robinson on June 30, 2008. [Doc. 20-9.] In the petition for writ of certioriari, the following issue was raised:

> 1. Did the PCR judge err in finding that trial counsel was not ineffective in failing to object or to request an *in camera* hearing to argue against the admissibility of witness Moseley's identifications of petitioner where trial counsel should have requested a hearing in order to show that Moseley's identification of petitioner was unreliable in general due to deficits in her opportunity to observe and further inadmissible because it was tainted by an impermissibly suggestive show-up procedure?

[Doc. 20-9 at 3.] Certiorari was denied on February 2, 2010. [Doc. 20-11.] The South Carolina Court of Appeals issued remittitur on February 18, 2010. [Doc. 20-12.]

3

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on April 26, 2010 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner asserts the following ground in support of his Petition: "Violation of the Sixth and Fourteenth Amendment to the U.S. Constitution; (i.e. ineffect[ive] assist[ance] of counsel [and] denial of due process)." [Doc. 1 at 5.] The Court construes the Petition as alleging (1) an evidentiary claim pursuant to SCRE 404(b) and (2) ineffective assistance of counsel claims for (a) failure to request an in camera hearing on and object to the admissibility of a witness's identification of Petitioner at trial, (b) failure to request a preliminary hearing, and (c) failure to adequately prepare for trial.[1]  As

---

[1] Although Petitioner failed to provide factual allegations in his Petition, instead stating the broad ground for relief, "Violation of the Sixth and Fourteenth Amendment to the U.S. Constitution; (i.e. ineffect[ive] assist[ance] of counsel [and] denial of due process)" [Doc. 1 at 5], Petitioner asserts that he raised the issue listed in Ground One on direct appeal and through the PCR proceedings [*id.*].

A review of the records related to Plaintiff's direct appeal reveals that Petitioner raised an evidentiary claim pursuant to S.C. R. Evid. 404(b) both in his initial appeal and in his petition for writ of certiorari. [Docs. 20-1 at 4; 20-5 at 3.] A review of the records related to Petitioner's PCR proceedings reveals that Petitioner raised ineffective assistance of counsel claims for failure to object to an allegedly suggestive photo show-up and failure to request a preliminary hearing in his PCR application [App. 183–84], addressed an ineffective assistance of counsel claim for failure to adequately prepare for trial in the evidentiary hearing [App. 196, 199–200], and raised an ineffective assistance of counsel claim for failure to request an in camera hearing on and object to the admissibility of a witness' identification of Petitioner at trial in his petition for writ of certiorari [Doc. 20-9 at 3].

In his response in opposition to Respondent's motion for summary judgment, Petitioner addresses two ineffective assistance of counsel issues—failure to request an in camera hearing on and object to the admissibility of a witness' identification of Petitioner at trial and failure to adequately prepare for trial. [Doc. 27.]  Therefore, it appears Petitioner may have abandoned his evidentiary claim pursuant to SCRE 404(b) and his ineffective assistance of counsel claim for failure to request a preliminary hearing. However, in an abundance of caution and construing the pro se Petition liberally, as the Court is required to do, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court construes the Petition as raising all four claims raised in Petitioner's direct appeal and PCR proceedings.

4

previously stated, Respondent filed a motion for summary judgment[2] on September 8, 2010, which is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[2] While Respondent titled his motion a "motion for summary judgment" [Doc. 21], the memorandum in support first seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim [Doc. 20 at 6]. In the alternative, Respondent next seeks a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. [*Id.*] In the alternative, Respondent then addresses the merits of his motion for summary judgment. [Doc. 20 at 6–19.]
   The Court agrees that Petitioner failed to provide factual allegations in his Petition. However, as previously stated, the Court will construe the pro se Petition liberally as raising (1) an evidentiary claim pursuant to SCRE 404(b) and (2) ineffective assistance of counsel claims for (a) failure to request an in camera hearing on and object to the admissibility of a witness' identification of Petitioner at trial, (b) failure to request a preliminary hearing, and (c) failure to adequately prepare for trial. Accordingly, the Court will address Respondent's motion for summary judgment without requiring Petitioner to make a more definite statement regarding his claims.

5

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson*

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

10

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts,

the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v.*

*Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## **DISCUSSION**

### **Procedurally Barred Grounds**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence. *Murray*, 477 U.S. at 485, 497. If not

raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens*, 66 F.3d at 1363.

Respondent acknowledges that Petitioner has exhausted his available state court remedies. [Doc. 20 at 7–8.] Respondent argues, however, that any claims other than the evidentiary claim pursuant to SCRE 404(b) and the ineffective assistance of counsel claim for failure to request an in camera hearing on and object to the admissibility of a witness' identification of Petitioner at trial are procedurally barred because Petitioner did not properly raise these claims in state court. [*Id.*] The Court agrees that Petitioner's ineffective assistance of counsel claims for failure to request a preliminary hearing and failure to adequately prepare for trial are procedurally barred from federal habeas review because Petitioner did not properly present these issues to the Supreme Court of South Carolina.

Petitioner's petition for writ of certiorari related to the denial of his PCR application, filed on June 30, 2008, failed to raise a claim that counsel was ineffective for failure to request a preliminary hearing or for failure to adequately prepare for trial. Therefore, these issues were not fairly presented to the Supreme Court of South Carolina and are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts

14

to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his ineffective assistance of counsel claims for failure to request a preliminary hearing[4] or for failure to adequately prepare for trial.[5] Petitioner filed a petition for writ of certiorari in which these issues could have been raised; however, these issues were not raised in Petitioner's petition for writ of certiorari to the South Carolina Supreme Court, even though other issues were properly raised. Petitioner cannot establish cause and actual prejudice because he abandoned the opportunity to preserve these specific issues. Therefore, the Court recommends that summary judgment be granted on Petitioner's ineffective assistance of counsel claims for failure to request a preliminary hearing and failure to adequately prepare for trial.

**Evidentiary Claim Pursuant to S.C. R. Evid. 404(b)**

To the extent Petitioner maintains his evidentiary claim in this Petition,[6] the Court recommends that summary judgment be granted on this claim because, as a state evidentiary matter, it is not a claim upon which federal habeas corpus can be granted.

---

[4]As previously noted, Petitioner appears to have abandoned his ineffective assistance of counsel claim for failure to request a preliminary hearing because he did not raise that claim in his petition for writ of certiorari from the denial of his PCR application and did not address that claim in any filing associated with this Petition. However, in an abundance of caution, the Court has reviewed the record relating to this claim and determined that it is procedurally barred from federal habeas review as discussed above.

[5]In his response in opposition to Respondent's motion for summary judgment, Petitioner argued the merits of his ineffective assistance of counsel claim for failure to adequately prepare for trial. [Doc. 27 at 7–8.] Petitioner asserts that the issue is exhausted because the South Carolina state courts were given "a full complete round to resolve these United State[s] Constitution Violation[s] that petitioner is alleging in this answer." [Doc. 27 at 1.] However, as stated above, the only ineffective assistance of counsel claim raised to the Supreme Court of South Carolina was for failure to request an in camera hearing on and object to the admissibility of a witness' identification of Petitioner at trial . [Doc. 20-9 at 3.]

[6]As previously noted, Petitioner appears to have abandoned his evidentiary claim pursuant to S.C. R. Evid. 404(b) because he did not address that claim in any filing associated with this Petition. However, the Court has reviewed the record relating to this claim and determined that it is not procedurally barred from federal habeas review. Accordingly, in an abundance of caution, the Court will address the merits of this claim.

In his petition for writ of certiorari from direct appeal, Petitioner argued that the "[t]he Court of Appeals incorrectly found harmless the trial judge's refusal to declare a mistrial after a police officer gratuitously testified, 'I think [Petitioner] has been in contact with law enforcement enough to not be nervous,' as this testimony placed [Petitioner's] character in issue, in violation of *South Carolina Evidence Rule 404(b)*." [Doc. 20-5 at 5.]  At trial, defense counsel moved for a mistrial based on the admission of the officer's comment, and the trial judge summarily denied the motion.  [*Id.*]  The issue, raised as a state law evidentiary error, was rejected by the South Carolina Court of Appeals, and the South Carolina Supreme Court denied Petitoner's petition for writ of certiorari.  [Doc. 20-1 at 5; Doc. 20-3 at 2; Doc. 20-7.]

Because Petitioner presented this claim to the state courts as a state evidentiary matter, and not as a constitutional claim, it is barred from review by this Court.  *See Anderson v. Harless*, 459 U.S. 4 (1982) (federal constitutional claim must be explicitly raised in state proceeding to accomplish exhaustion).  Generally, an error in interpretation of a state evidentiary standard does not give rise to a due process violation.  *Estelle v. McGuire*, 502 U.S. 62 (1991).  Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," admissibility of evidence does not present a federal question.  *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960); *see also Goedeke v. McBride*, No. 5:05-cv-554, 2007 WL 2874970, at *21 (S.D.W. Va. Sept. 28, 2007) (standard to be applied is whether the admission of the evidence so infected the trial that the resulting conviction violated due process).  Even though Petitioner alleges a

violation of due process [*see* Doc. 1 at 5], there is nothing in the record to support a conclusion that allowing the officer's testimony fundamentally altered the trial.

**Ineffective Assistance of Counsel for Failure to Request an In Camera Hearing on and Object to the Admissibility of a Witness' Identification of Petitioner at Trial**

The Court recommends that summary judgment be granted on Petitioner's ineffective assistance of counsel claim for failure to request an in camera hearing on and object to the admissibility of a witness' identification of Petitioner at trial because the PCR court's decision with respect to this claim was not contrary to clearly established federal law.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, "the question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 131 S. Ct. at 788. In *Strickland v. Washington*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." *Id.* at 689. Judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

An attorney's performance is not deficient because the attorney failed to object to admissible evidence. *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989); *see also Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001) ("An ineffective assistance claim based on a failure to object is tied to the admissibility of the underlying evidence. If evidence admitted without objection was admissible, then the complained of action fails both prongs of the *Strickland* test: failing to object to admissible evidence cannot be a professionally 'unreasonable' action, nor can it prejudice the defendant against whom the evidence was admitted."). When addressing the admissibility of show-up identifications, the United States Supreme Court has noted that "[s]uggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous." *Neil v. Biggers*, 409 U.S. 188, 198 (1972). However, suggestive "show-up" identifications are admissible if, based on the totality of the circumstances, the identification was reliable. *Id.* at 199. In *Biggers*, the Supreme Court set out five factors to consider when asking whether, under the totality of the circumstances, the identification remained reliable despite a suggestive pretrial procedure: (1) the opportunity of the witness to view the criminal during the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the witness's level of certainty at the

identification confrontation; and (5) the length of time between the crime and the confrontation. *Id.* at 199–200.

Here, Petitioner's claim of ineffective assistance of counsel is based on trial counsel's failure to request an in camera hearing on and object to the admissibility of Moseley's identification of Petitioner at trial because Moseley's identification of Petitioner was unreliable in general and was tainted by an allegedly impermissible show-up procedure. [Doc. 27 at 2–5.] The PCR court noted that the show-up identification where only Petitioner was presented to Mosely was suggestive. [App. 222.] However, the PCR court then, under the rubric of South Carolina law, took the next step in the analysis required by federal law and applied the identical five *Biggers* factors to this identification. [App. 221 (setting forth factors), 222–23 (applying factors).] In doing so, the PCR court concluded that, despite being suggestive, the identification of Petitioner was nevertheless reliable. [App. 222.]

Specifically, the PCR court observed:

> The Defendant was first identified by Ms. Moseley approximately 1- 1 ½ hours after the incident, approximately one mile from the location where the incident occurred and in the presence of law enforcement officers somewhere between 12:30 am and 1:00 am. . . .
> . . . The victim/witness stated that lights were on in her home and that her home is always well lit at night because of her children. She indicated that when she first saw him, he was close to her, was standing looking at her and then squatted. She "froze up," apparently increasing the amount of time she had to see him. Ms. Moseley and Mr. Williams both told the police that they saw the Applicant's black jacket, grey pants and shirt with white writing or stripe on it. It was these clothes that the Applicant was wearing when he was detained by law enforcement. Not only could Ms. Moseley identify the clothing, but she also stated she could identify his face. Officer Williams stated that as soon as Ms. Moseley saw the suspect,

> she said, "that's the man." She did not hesitate in identifying him.

[App. 222–23.] Petitioner is unable to establish that the PCR court acted contrary to or unreasonably applied clearly established federal law, as required by 28 U.S.C. § 2254(d). A petitioner can hardly posit a claim of ineffective assistance of counsel for failure to seek the suppression of a constitutionally reliable identification.[7]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 22, 2011
Greenville, South Carolina

---

[7] Even granting that the reliability of the identification could not have been definitively known without a court ruling, a decision by trial counsel to abstain from requesting a hearing or making a motion that was likely to be viewed as being without merit is the sort of tactical decision that is presumed to be correct. *See Strickland*, 466 U.S. at 689 (stating that the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight but strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel). Here, trial counsel testified at the PCR evidentiary hearing that his strategy at trial was to challenge the State's ability to prove an element of first degree burglary, that Petitioner intended to commit a crime. [App. 204–05.] The Court finds that trial counsel's failure to request an in camera hearing on or object to the admissibility of Moseley's identification of Petitioner was a result of sound trial strategy.