IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael Cunningham, #181550, | ) | Civil Action No. 8:10-1027-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Anthony Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Michael Cunningham ("Petitioner"), is an inmate in custody of the South Carolina Department of Corrections currently serving a life sentence following his conviction for first degree burglary. Petitioner is housed at the Lee Correctional Institution in Bishopville, South Carolina. On April 26, 2010, Petitioner filed a pro se petition for a writ of habeas corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254, alleging the violation of his rights protected by the Sixth and Fourteenth Amendments to the United States Constitution. (ECF No. 1.) This matter is presently before the court on a motion for summary judgment filed by Respondent, Anthony Padula ("Respondent"), under Rule 56(b) of the Federal Rules of Civil Procedure. (ECF No. 21.) For the reasons set forth below, the court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the Habeas Petition with prejudice.

I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In the late evening on March 25, 2004, Kathy Moseley ("Moseley"), who was in her bedroom at the time, heard several strange noises coming from another room in her home. (ECF No. 20-14, pp. 34-36.) Moseley got up, stuck her head out the door, and saw an intruder in her

home. (Id.) Moseley immediately screamed causing the intruder to flee from the premises. (Id. at p. 38.) After briefly chasing after the intruder with her boyfriend, Moseley called local law enforcement from the home of her neighbor. (Id. at pp. 40-43.) In the early morning of March 26, 2004, Moseley was transported by local law enforcement officers to an area approximately one mile away from her home. (Id. at pp. 44-45.) The law enforcement officers presented Petitioner to Moseley for identification and she confirmed that Petitioner was the intruder she saw inside her home. (Id.) On April 15, 2004, the Grand Jurors of Lancaster County indicted Petitioner on one count of first degree burglary. (ECF No. 20-15, p. 111.) Petitioner was tried before a jury on April 26-27, 2004. (ECF No. 20-14, pp. 3-117; ECF No. 20-15, pp. 1-62.) After the jury found him guilty of first degree burglary, Petitioner was sentenced to life in prison by the trial judge. (ECF No. 20-15, p. 62.)

Petitioner timely appealed his convictions and sentences to the South Carolina Court of Appeals. He challenged the trial judge's refusal to "grant the defense a mistrial after a police officer gratuitously testified, 'I think Mr. Cunningham has been in contact with law enforcement enough to not be nervous,' as this testimony placed appellant's character in issue in violation of South Carolina Evidence Rule 404(b)." (ECF No. 20-2.) On December 15, 2005, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. (ECF No. 20-4.) The Court of Appeals further denied a petition for rehearing on January 19, 2006. (ECF No. 20-5.) Petitioner then sought certiorari pursuant to South Carolina Appellate Court Rule 226. (ECF No. 20-6.) The South Carolina Supreme Court denied Petitioner's petition for writ of certiorari on March 22, 2007. (ECF No. 20-8.) The South Carolina Court of Appeals issued remittitur on March 27, 2007. (ECF No. 20-9.) Petitioner did not petition the United States Supreme Court for writ of certiorari regarding the mistrial issue.

On May 21, 2007, Petitioner filed an application for post-conviction relief ("PCR") in the Lancaster County Court of Common Pleas. (ECF No. 20-15, p. 67.) He asserted in his PCR application that he was denied effective assistance of trial counsel because his attorney failed to object to the suggestive show-up identification utilized by his arresting officers and failed to request a preliminary hearing in accordance with section 22-5-320 of the South Carolina Code. The PCR court held an evidentiary hearing on August 27, 2007 in which Petitioner asserted an additional claim of ineffective assistance of counsel based on his attorney's alleged failure to adequately prepare for trial. The PCR judge denied Petitioner' PCR application in an Order issued November 27, 2007. (ECF No. 20-15, pp. 103-109.)

Petitioner sought certiorari with the South Carolina Supreme Court for the denial of his PCR petition. (ECF No. 20-10.) In his petition for writ of certiorari, Petitioner raised the issue of whether the PCR judge erred "in finding that trial counsel was not ineffective in failing to object or to request an in camera hearing to argue against the admissibility of witness Moseley's identifications of petitioner where trial counsel should have requested a hearing in order to show that Moseley's identification of petitioner was unreliable in general due to deficits in her opportunity to observe and further inadmissible because it was tainted by an impermissibly suggestive show-up procedure?" (Id.) The South Carolina Court of Appeals denied Petitioner's petition for certiorari on February 2, 2010. (ECF No. 20-12.) The South Carolina Court of Appeals remitted the matter to the lower court on February 18, 2010. (ECF No. 20-13.)

Petitioner filed the instant petition for a writ of habeas corpus on April 26, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred for pretrial handling to United States Magistrate Judge Robert S. Carr and then reassigned to United States Magistrate Judge Jacquelyn D. Austin. On September 8, 2010, Respondent filed a motion

3

for summary judgment. (ECF No. 21.) As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Magistrate Judge Carr issued an order on September 8, 2010, advising Petitioner of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. (ECF No. 22.) After receiving an extension of time from the court, ECF No. 25, Petitioner filed a response in opposition to the motion for summary judgment on November 22, 2010. (ECF No. 27.) On April 22, 2011, Magistrate Judge Austin issued a Report and Recommendation (the "Magistrate's Report") recommending that the court grant Respondent's motion and dismiss the Habeas Petition.[1] (ECF No. 31.) After receiving an extension of time from the court and requesting a second, ECF Nos. 36 and 39, Petitioner filed objections to the Magistrate's Report and a motion for certificate of appealability on June 14, 2011. (ECF Nos. 41, 42.)

## II.  LEGAL STANDARD AND ANALYSIS

A.    **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo

---

[1] Specifically, Magistrate Judge Austin observed that she construes Petitioner's habeas petition to allege the following grounds for relief: (1) an evidentiary claim pursuant to South Carolina Rule of Evidence 404(b) that the trial judge should have declared a mistrial in response to allegedly prejudicial testimony provided by a law enforcement officer; and (2) ineffective assistance of counsel claims for failure to request an in camera hearing on and object to the admissibility of a witness's identification of Petitioner at trial, failure to request a preliminary hearing, and failure to adequately prepare for trial. (Id.) Magistrate Judge Austin observed that Petitioner's ineffective assistance of counsel claims for failure to request a preliminary hearing and failure to adequately prepare for trial are procedurally barred from federal habeas review because Petitioner did not properly present these issues to the Supreme Court of South Carolina. Citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Magistrate Judge Austin further observed that Petitioner's attorney was not constitutionally deficient for failing to object to the admissibility of a show-up identification of Petitioner because, under Neil v. Biggers, 409 U.S. 188 (1972), the identification was reliable and therefore admissible. Finally, Magistrate Judge Austin observed that Petitioner's evidentiary claim is barred from review by this court because it is not a constitutional claim upon which federal habeas corpus relief can be granted.

determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

In almost all circumstances, petitioners seeking relief pursuant to 28 U.S.C. § 2254 must exhaust all available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). Additionally, a court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d) which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim - - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(a). A state court's decision is "contrary to . . . clearly established federal law [where it] applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a different result." Williams v. Taylor, 529 U.S. 362, 406 (2000). In contrast, a state court's decision "involves an unreasonable application of clearly established federal law if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of a particular state prisoner's case." Id. at 407. "The focus of federal court [habeas] review is on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139

F.3d 891 (4th Cir. 1998).

B.   **Ineffective Assistance of Counsel**

Petitioner contends that he is entitled to habeas relief because he was denied effective assistance of counsel in violation of the Sixth Amendment. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694-95.

Petitioner makes three separate contentions in support of the claim that he was denied effective assistance of counsel. First, he alleges that he was denied effective assistance of counsel because his trial attorney failed to request an in camera hearing on and object to the admissibility of his identification by Moseley, the victim of his alleged burglary. Second, Petitioner asserts that his trial counsel should have requested a preliminary hearing. Third, Petitioner contends that his trial counsel failed to adequately prepare for his trial.

1.   Admissibility of Witness Identification

In support of his claim for habeas relief, Petitioner asserts that his trial attorney was constitutionally deficient based on the failure to (1) request an in camera hearing to establish the

unreliability of Moseley's identification of him; and (2) object to the admissibility of testimony identifying Petitioner due to the impermissibly suggestive show-up procedure, which was utilized. Petitioner further argues that the PCR court acted contrary to clearly established federal law by unreasonably applying the standards for show-up identifications set out in Neil v. Biggers, 409 U.S. 188 (1972). Finally, Petitioner argues that the Magistrate Judge erred by recommending that summary judgment be granted to Respondent on these specific claims for ineffective assistance of counsel.

In response to Petitioner's allegations, Petitioner's trial attorney testified at the PCR hearing regarding his trial strategy and responded as follows to the specific inquiry regarding whether he should have objected to the witness identification testimony:

> Possibly so. There was already in the record the Ms. Moseley pointing to Mr. Cunningham and saying that was him, which in my opinion is kind of unfair because it's him sitting there and it's me sitting there so what choice does the witness have but to say it's him. I don't agree that that's how things should be. But the witness had already testified that it was him, so my trial strategy kind of then went more toward the element of burglary first, that he was there to commit a crime. And in my opinion there was very weak evidence on that point and in my opinion should have found that there wasn't reasonable doubt in this case that he was there, that he was there intending to commit a crime. If you'll read the transcript you will see that I pointed out to the jury in closing that there was this house with lights on and another house across the way with no lights on and that it could have been several other explanations why he went into this house. If you were a burglar which house would you go into, the ones with lights or the ones with no lights? And I thought I had made that to the jury adequately to make them believe that there wasn't probable cause that he went into that house with the intent to commit a crime therein, but the jury found differently. But I did ask about identification, pointing out the various places that there were lights in the room and trying to show the jury it wouldn't be possible to see the guy's face with 100 watts behind him and 60 watts in front of him, that the 100 watts would have overshadowed and essentially made a silhouette from which you might have been able to tell that there was an African American make in your home but not him.

(ECF No. 20-15, pp. 89-90.) In the order issued subsequent to Petitioner's trial attorney's testimony, the PCR court thoroughly discussed the applicable Strickland standard and then held that Petitioner's trial counsel was not ineffective for failing to request an in camera hearing on the issue of the show up identification:

> The Court finds that trial counsel was not ineffective for failing to request an in camera hearing on the issue of the show up identification. The Defendant was first identified by Ms. Moseley approximately 1-1½ hours after the incident, approximately one mile from the location where the incident occurred and in the presence of law enforcement officers somewhere between 12:30 am and 1:00 am. The suspect was first spotted by police approximately fifteen minutes from the commission of the crime. While this single person show up was certainly suggestive, the totality of the circumstances indicates that the identification was nevertheless reliable. The victim/witness stated that lights were on in her home and that her home is always well lit at night because of her children. She indicated that when she first saw him, he was close to her, was standing looking at her and then squatted. She "froze up," apparently increasing the amount of time she had to see him. Ms. Moseley and Mr. Williams both told the police that they saw the Applicant's black jacket, grey pants and shirt with white writing or stripe on it. It was these clothes that the Applicant was wearing when he was detained by law enforcement. Not only could Ms. Moseley identify the clothing, but she also stated she could identify his face. Officer Williams stated that as soon as Ms. Moseley saw the suspect she said, "that's the man." She did not hesitate in identifying him. This Court denies and dismisses this allegation.

(ECF No. 20-15, pp. 107-108.) The PCR judge's determination was imputed to the state appellate courts upon the denial of certiorari without explanation.

This court finds that the PCR court's adjudication of this aspect of Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law, *viz*. Strickland, and was not based on an unreasonable determination of the facts. Therefore, relief pursuant to 28 U.S.C. § 2254(d) is unwarranted and the Petitioner's claim for habeas relief must be dismissed.

2.  Preliminary Hearing and Adequate Preparation for Trial

Petitioner further asserts that he was denied effective assistance of counsel because his trial attorney failed to request a preliminary hearing and failed to adequately prepare for trial. The court finds that these claims are procedurally defaulted, and Petitioner has not demonstrated grounds to excuse his default.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state

court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Petitioner did not present either of these claims to the appellate courts of South Carolina. As such, these claims are procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989). To show cause, a petitioner must demonstrate some objective factor external to his defense that impeded his counsel's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate prejudice, a petitioner must show not merely that there was a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting his entire trial with an error of constitutional magnitude. Id. at 494. Alternatively, a petitioner may assert that his case implicates a fundamental miscarriage of justice by arguing that he is actually innocent of the crime of which he was convicted. Schlup v. Delo, 513 U.S. 298, 314-15 (1995).

In this case, Petitioner did not submit any arguments to demonstrate cause and prejudice for his procedural default of these claims of ineffective assistance of counsel or to show that dismissing them as procedurally defaulted would result in a fundamental miscarriage of justice. (See ECF No. 41.) Therefore, Petitioner's claims that he was denied effective assistance of counsel because his attorney failed to request a preliminary hearing and failed to adequately prepare for trial should be dismissed as procedurally defaulted for the purposes of federal habeas review.

**C.     Trial Judge's Failure to Declare Mistrial**

Petitioner contends that his constitutional rights were violated when the trial judge failed to declare a mistrial after the following testimony was given by a law enforcement officer during the trial:

Q.     But he appeared scared to you, didn't he?

A.     No. I wouldn't say he was scared.

> Q. But that would explain the nervousness though, wouldn't it, hyperness?
>
> A. No. I think Mr. Cunningham has been in contact with law enforcement enough to not be nervous.

(ECF No. 20-15, p. 3.) In response to the law enforcement officer's testimony, Petitioner's trial attorney moved for a mistrial. The trial court denied the motion observing that "[w]hen you [Petitioner's attorney] go on these fishing trips with these wide open questions you ask sometimes you catch a bass, sometimes you catch a carp, you caught a carp that time, so motion denied." (Id.) The state appellate courts found the officer's comment to be clearly improper, but did not find reversible error in the trial court's denial of Petitioner's motion for a mistrial due to the overwhelming evidence of guilt in the case. Citing State v. Stanley, 615 S.E.2d 455, 460 (S.C. Ct. App. 2005) (holding that a grant of a mistrial is a drastic action that should be exercised only when no other curative action could remove the prejudice claimed); State v. Davis, 613 S.E.2d 760, 784 (S.C. Ct. App. 2005) ("Error is harmless where it could not reasonably have affected the result of the trial.")

Petitioner contends that habeas relief is warranted because the officer's remarks were highly prejudicial and placed his "character in issue in violation of South Carolina Evidence Rule 404(b)." Petitioner objects to the Magistrate Judge's determination that the law enforcement officer's allegedly prejudicial testimony did not fundamentally alter the trial.

When addressing questions regarding evidentiary rulings in state proceedings on federal habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[Federal courts] do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding."

10

Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000). "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." Spencer v. Murray, 5 F.3d 758, 762 (4th Cir.1993) (citing Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960)). When, as here, the evidentiary circumstance involves the admission of alleged "bad character" evidence, the reviewing court must determine whether the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). This determination requires the reviewing court to look at "the nature of the comments, the nature and quantum of the evidence before the jury, the arguments of opposing counsel, the judge's charge, and whether the errors were isolated or repeated." Boyd v. French, 147 F.3d 319, 329 (4th Cir.1998) (quoting Bennett v. Angelone, 92 F.3d 1336, 1345-46 (4th Cir.1996). Here, the circumstantial evidence of guilt in the record included: (1) the victim's positive identification of Petitioner as the man she saw standing in her hallway; (2) the apprehension of Petitioner approximately an hour to an hour and a half after the alleged perpetrator had fled the victim's home; (3) the apprehension of Petitioner in the woods a mile or less from the victim's home; (4) the attempt by Petitioner to run away from law enforcement personnel when he was found; and (5) Petitioner's physical characteristics and clothes matched the description given by the victim to law enforcement.

In light of the foregoing evidence, the court finds that the reference to Petitioner as having "been in contact with law enforcement enough to not be nervous" did not so infect the trial with unfairness as to make the resulting sentence a denial of due process. Donnelly, 416 U.S. at 643. Therefore, it is clear that the admission of this evidence neither provides a basis for federal habeas relief nor was it an evidentiary ruling that was contrary to or involved an unreasonable application

of Supreme Court law. As such, Petitioner's request for habeas relief for the trial judge's failure to declare a mistrial must be denied.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). The court concludes that Petitioner has not satisfied the legal standard for issuance of a certificate of appealability. Accordingly, the court denies Petitioner's motion for a certificate of appealability.

### IV.   CONCLUSION

For the reasons discussed above, the motion for summary judgment of Respondent Anthony Padula, ECF No. 21, is hereby **GRANTED**, and the petition of Michael Cunningham, #181550, for a writ of habeas corpus is hereby **DISMISSED WITH PREJUDICE**. Petitioner's motion for certificate of appealability, ECF No. 42, is **DENIED**, and Petitioner's motion for extension of time to file objections to the Magistrate Judge's Report and Recommendation, ECF No. 39, is hereby **DENIED AS MOOT**. The court accepts the Magistrate Judge's Report and Recommendation and

incorporates it herein by reference.

      **IT IS SO ORDERED**.

                            /s/ Margaret B. Seymour
                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

September 9, 2011